

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 20  AM 9: 46

LORETTA G. WHYTE
     CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC LARA, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2738** |
| **STATE OF LA., JUDGE JOHN D. KOPLER, PAMELA HERSHEY, NORMAN ROBINSON, TIFFANY THORNE MAYO, HELEN MILLER, CATHY BROUSSARD, ATTYS. ANGELA COX, JOHN B. WELLS, OCS** | **SECTION "A" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. On March 15, 2005, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny. The plaintiff, Eric Lara, Sr., *pro se*, participated by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 6. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this Report and Recommendation.



I.      **Factual Summary**

   A.   **The Complaint**

The plaintiff, Eric Lara ("Lara"), is an inmate housed in the Washington Correctional Institute ("WCI") in Angie, Louisiana. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the State of Louisiana, Judge John D. Kopler, Assistant District Attorney Pamela Hershey, Assistant District Attorney Norman Robinson, Tiffany Thorne Mayo, Dr. Helen Miller, Cathy Broussard, and Attorneys Angela Cox and John B. Wells.[3]

Lara alleges that his due process rights have been violated by the defendants through the state court proceedings initiated by the Louisiana Office of Child Services ("OCS") after which he lost his parental rights to his son, Eric Lara, Jr. ("Eric Jr."). He asserts that, as a result of the defendants' disregard for his rights, his son, Eric Jr., has been put up for adoption by the State without the plaintiff's consent rather than being placed with the plaintiff's family until his release from jail. Lara seeks monetary damages, the return of his parental rights, and the temporary placement of his son with his family members.

   B.   **The *Spears* Hearing**

Lara testified that he is serving a sentence for violation of probation, which he was serving on a prior conviction for possession of marijuana, and for being a felon in possession of a weapon. He stated that Judge Kopler of the Slidell City Court rendered a decision in his parental rights proceedings regarding his six-year-old son, Eric Lara, Jr. Lara contended that Kopler violated his due process rights by ruling against him and placing his son in state foster care pending adoption instead of temporarily placing his son with his family in Texas.

---

[3]The Court withheld issuance of summons pending its statutory review for frivolousness. Rec. Doc. No. 2.

Lara also claimed that the employees of OCS would not meet with him in prison, would not allow visitation, and would not investigate his family as an appropriate placement for Eric Jr. Lara also stated that Eric Jr. was taken into state custody in February 2002 because of neglect by his wife (the mother) and because he (the father) was incarcerated. He also stated that he had attorneys in the case but none of them provided adequate representation.

He further alleged that he sued Pamela Hershey ("Hershey") and Norman Robinson ("Robinson") because they were the district attorneys who prosecuted the child custody/parental rights case. He stated that he named Tiffany Mayo and Cathy Broussard because they were the case workers who failed to follow the Louisiana Children's Code and to make arrangements with Lara regarding placement with his family.

Lara also alleged that he named Helen Miller, an OCS psychiatrist, because her testimony at the hearing maligned his wife's character making her sound like an unfit mother to Eric Jr. and the other children. He stated that his wife was instructed to meet the OCS requirements and OCS said that she did not because she was still taking drugs.

He further testified that defendants Angela Cox ("Cox") and John B. Wells ("Wells") were attorneys with OCS who were assigned to represent Eric Jr. and himself by protecting his parental rights. He also alleges that Cox did not represent him properly because she was unsuccessful in retaining his parental rights. He further claims that Wells was unfamiliar with the case and acquiesced to what Cox had already conceded to OCS. He claims that neither attorney presented anything to the state court that would have preserved his parental rights.

Lara stated that his parental rights and those of his wife were taken away in September or October 2004. Lara also stated that he was told that an appeal was filed but he has not received

documentation and he has not pursued an appeal for himself. Lara further stated that he now seeks damages for denial of due process through defamation of character and indifference to his rights during the state court proceeding.

At the close of the hearing, Lara requested that he be allowed to submit documentation to establish that Hershey was supposed to protect his parental interests and that the Louisiana Department of Corrections was mishandling his prison mail which may have contributed to problems in the state court case. The Court granted Lara permission to provide this information.

On March 18, 2005, Lara filed a copy of a letter from the City Court of Slidell in which he was advised that the Court had not received pictures from him in March of 2003 and that any pictures submitted to his former counsel, Angela Cox, were returned to him by her.[4]

## II. Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

---

[4]Rec. Doc. No. 7.

*Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Lack of Subject Matter Jurisdiction

Lara filed this suit as a direct challenge to the outcome and legality of the state court proceedings which led to the loss of his parental rights and to his son's placement in state custody, and ultimate adoption. Lara contends that the defendants failed to follow Louisiana codal law and otherwise showed disregard for his parental rights and concepts of due process. He seeks reinstatement of his parental rights and the return of his son to his family. No matter how unfortunate his circumstance, this federal court is without subject matter jurisdiction over his claims.

Federal district court lack jurisdiction to entertain collateral attacks on state court judgments. *Woosley v. The Adoption Alliance,* 79 Fed. Appx. 672, 2003 WL 22477871 at **1 (5th Cir. Nov. 3, 2003) (quoting *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Questions of constitutionality and error arising in state proceedings must be reviewed and resolved by the state appellate courts. *Id.* Thus, even if Lara's case is characterized as a due process challenge, the suit is barred from review in federal court. *Id.*

"The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ]

5

appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). The plaintiff's suit is inextricably intertwined with the judgment of the Slidell City Court and must be dismissed for lack of subject matter jurisdiction. *Id.*, at 318; *Hultberg v. State of Louisiana*, 1998 WL 30288 (E.D. La. Jan. 28, 1998) (McNamara, J.); *Karangiannopoulos v. State Farm Fire & Cas. Co.*, 1996 WL 626295 (E.D. La. Oct. 29, 1996) (Clement, J.). His complaint is therefore frivolous and fails to state a claim for which relief can be granted because this Court lacks subject matter jurisdiction to consider his claims.

In the alternative, should a reviewing court consider the due process challenge to the results of the state proceeding, the § 1983 claims should be dismissed as frivolous, for failure to state a claim for which relief can be granted and/or for seeking relief against immune defendants, all for the following reasons. *See Liedtke*, 18 F.3d at 318 n.12 (noting that in the alternative the plaintiff's due process claims were subject to dismissal on other grounds).

**B.     The State of Louisiana and Eleventh Amendment Immunity**

Lara has named the State of Louisiana as a defendant in this § 1983 complaint for the alleged constitutional violations compounded by the employees of OCS. For the following reasons, his claims against the State of Louisiana must be dismissed because it is absolutely immune from suit in federal court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court

must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

For these reasons, Lara's claims against the State of Louisiana are barred by the Eleventh Amendment and should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### C.  Judge Kopler and Judicial Immunity

Lara also alleges that Judge Kopler is liable for his unfair ruling, or the unfair result, that caused Eric Jr. to be placed in state custody and adopted by strangers and for his loss of parental rights. In spite of the months of hearings and litigation, Lara alleges that he was thereby denied due process.

Absolute judicial immunity is a time-honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *May v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*, at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)). Furthermore, injunctive relief is not available against a state judge acting in his official capacity.

*Guerin v. Higgins*, 2001 WL 363486 (2d Cir. 2001) (unpublished); *Tesmer v. Granholm*, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp.2d 204, 210 (D. Mass. 2000).

As the presiding judge over the plaintiffs' child custody proceeding, Judge Kopler was acting within his judicial authority and is entitled to absolute immunity. Therefore, these claims are based on a meritless legal theory, fail to state a claim upon which relief can be granted, and are asserted against a defendant who is immune from the requested relief. The claims against Judge Kopler, therefore, must be dismissed pursuant to § 1915(e) and § 1915A.

### D.  Hershey and Robinson and Prosecutorial Immunity

The plaintiff has also alleged that the two Assistant District Attorneys, Pamela Hershey and Norman Robinson, are liable to him for their role as prosecutors in the custody case. These claims, however, are also frivolous.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts "intimately associated with the judicial phase of the criminal process" which includes the

presentation of the states case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in Court or to negotiate a plea. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Lara's claims against Hershey and Robinson are intimately associated with the judicial phase of the custody proceedings. For these reasons, Hershey and Robinson are entitled to absolute prosecutorial immunity. The claims against these defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants pursuant to § 1915(e) and § 1915A.

### E.   OCS Attorneys Cox and Wells

Lara has also named as defendants the two OCS attorneys, Cox and Wells, whom he claims were appointed to represent his interests, as well as those of Eric Jr. As indicated above, Lara has provided a letter from the Slidell City Court which tends to indicate that Cox was in fact his attorney of record in the custody proceeding. Nevertheless, the claims against these attorneys are also frivolous.

Section 1983 imposes liability on any person who violates someone's constitutional rights under color of law. Title 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under § 1983, the plaintiff must prove that a constitutional violation occurred, and that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

It is well established that neither a privately retained attorney nor a court-appointed attorney is a state actor for purposes of § 1983. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing

9

*Dennis v. Sparks*, 449 U.S. 24 (1980)). Consequently, there can be no liability under § 1983 unless Lara can establish that Cox or Wells took actions jointly with the state or one of its agents, to violate his constitutional rights. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). In this case, Lara has failed to make such a showing. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir.1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990).

Lara claims that Cox and Wells did not adequately represent his interests in the custody hearings. He bases this allegation on the fact that his parental rights were lost and his cause was unsuccessful. This lack of success, however, is not indicative of an inappropriate joint action with the prosecutors nor is it enough to state a cognizable § 1983 claim for the intentional denial of due process as suggested by Lara. Furthermore, as stated above, the Court lacks subject matter jurisdiction to consider whether the loss of parental rights was legally proper. *Liedtke* at 317.

For these reasons, the claims against Cox and Wells should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### F.  Dr. Helen Miller

Lara has named Dr. Helen Miller, an OCS psychiatrist, as a defendant, because she testified at the custody hearing about Mrs. Lara, the plaintiff's wife, who was portrayed as an unfit parental custodian for Eric Jr. and a daughter, continued to use drugs, and had otherwise failed to comply with OCS compliance recommendations. Lara does not deny that his wife abused medication and he does not deny that OCS was forced to take the children from her. He simply contends that Dr. Miller disparaged Mrs. Lara's reputation and made her sound like an unfit mother.

First, the Court notes that Lara cannot pursue damages on behalf of his estranged wife who is not a party to this litigation and whose whereabouts are unknown to him.

Second, federal courts have extended absolute immunity to court-appointed physicians and other experts who evaluated § 1983 plaintiffs and testified in judicial or quasi-judicial proceedings. Such court-appointed experts "perform functions essential to the judicial process" and are protected by witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Morstad v. Dept. of Corrs. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992), *overruled on other grounds by Leatherman v. Tarrant County*, 507 U.S. 163 (1993); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984); *Yates v. Cunningham*, 70 F. Supp.2d 47, 51 (D.N.H. 1999); *Di Costanzo v. Henriksen*, 1995 WL 447766 at *2 (S.D.N.Y. July 28, 1995); *Rindley v. Gallagher*, 890 F. Supp. 1540, 1557-58 (S.D. Fla. 1995).

Finally, even if Dr. Miller's testimony was offensive to the Lara's reputation as parents, the use of inappropriate language and even verbal abuse are not cognizable claims under § 1983. *Robertson v. Plano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983), *cert. denied*, 464 U.S. 998 (1983); *Burnette v. Phelps*, 621 F. Supp. 1157 (M.D. La. 1985). "Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment . . ." *Jackson v. Liberty County*, 860 F. Supp. 360, 363 (E.D. Tx. 1994). Lara as a prisoner cannot recover for this type of emotional damages under any circumstance. Title 42 U.S.C. § 1997e.

For these reasons, Lara's claims against Dr. Miller are frivolous and otherwise fail to state a claim for which relief can be granted.

### G. OCS Employees Mayo and Broussard

Lara has also named OCS employees, Tiffany Mayo and Cathy Broussard, alleging that they denied him due process by failing to comply with the Louisiana Children's Code in investigating his case. Lara alleges that these actions or inactions resulted in the denial of due process.

As stated above, the Court of course lacks subject matter jurisdiction to consider the propriety of the state court's decision to take away Lara's parental rights. Lara has failed to state a cognizable § 1983 claim in that regard.

Furthermore, in deciding whether the acts of these defendants have violated Lara's right to due process, the court must address two questions: "whether the state action has deprived the individual of a protected interest--life, liberty or property," and if so, "whether the state procedures available for challenging the deprivation satisfy the requirements of due process." *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984); *accord Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988); *Cuellar v. Tex. Employment Comm'n*, 825 F.2d 930, 934 (5th Cir. 1987).

With respect to this test, the Court notes first that OCS case workers enjoy a qualified immunity from liability for their discretionary, non-prosecutorial functions. *Doe v. State of Louisiana*, 2 F.3d 1412, 1416 (5th Cir. 1993); *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999); *Mayronne v. Vaught*, 843 F. Supp. 1096, 1101 (E.D. La. 1994); *Thibodeaux v. Watson*, 2000 WL 63310 at *2 (E.D. La. Jan. 20, 2000). To determine whether a case worker is protected by qualified immunity, the court must determine (1) whether the plaintiff has alleged a violation of a clearly established constitutional right and (2) whether the defendant's conduct was objectively reasonable. *See Kiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The Court, however, need not

engage in a qualified immunity analysis because Lara's allegations fail to establish that a violation of his constitutional right to due process has occurred.

In this case, Lara alleges that Mayo and Broussard deprived him of due process when they failed to comply with provisions of the Louisiana Children's Code while investigating his case. However, Lara concedes that he was provided with appropriate court hearings in the Slidell City Court before his parental rights were taken. Second, he concedes that he was provided with counsel to represent his interests and that counsel had the information about his family's availability to take Eric Jr. Although Lara is not content with the quality of representation, that is not the fault of either Mayo or Broussard.

Furthermore, dismissal of a procedural due process claim is appropriate where the plaintiff alleges only that the deprivation occurred because established state procedures were not followed, as Lara has done here. *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 199 (6th Cir. 1987). Moreover, no denial of procedural due process occurs where a person has failed to utilize the state procedures available to him. *See Rathjen v. Litchfield*, 878 F.2d 836, 840 (5th Cir.1989). Lara admits that he is uncertain whether an appeal was filed and that he has not himself sought review of Judge Kopler's ruling. Until he exercises his own right to review in the state courts, he cannot state a claim for denial of that right.

For these reasons, the claims against Mayo and Broussard must be dismissed as frivolous and for failure to state a claim for which relief can be granted.

## IV. Recommendation

It is therefore **RECOMMENDED** that Lara's § 1983 complaint against the defendants, the State of Louisiana, Judge John D. Kopler, Assistant District Attorney Pamela Hershey, Assistant

District Attorney Norman Robinson, Tiffany Thorne Mayo, Dr. Helen Miller, Cathy Broussard, and Attorneys Angela Cox and John B. Wells, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A because the Court lacks subject matter jurisdiction.

In the alternative, should a reviewing court decide to consider the due process claims raised, it is **RECOMMENDED** that Lara's § 1983 claims against the State of Louisiana, Judge John D. Kopler, Assistant District Attorney Pamela Hershey, and Assistant District Attorney Norman Robinson, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief may be granted and for seeking relief from an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

It is further **RECOMMENDED** in the alternative that Lara's § 1983 claims against Dr. Helen Miller, Tiffany Thorne Mayo, Cathy Broussard, and Attorneys Angela Cox and John B. Wells be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___19th___ day of ___July___, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE